BERTHA M. KATENKAMP (Formerly BERTHA K. HAMMERSCHLAG), Plaintiff, *v.* MARY LOUISE TOWNSEND and Another, as Executrices, etc., of J. HENRY TOWNSEND, Deceased, and Others, Copartners Carrying on Business under the Name and Style of MORRISON & TOWNSEND, Defendants, and WILLIAM E. HUTTON and Others, Copartners Doing Business under the Firm Name and Style of W. E. HUTTON & Co., Impleaded Defendants.*

Supreme Court, Special Term, New York County, March 26, 1935.

* Affd., 247 App. Div. 864.

*Prentice & Townsend* [*E. R. Lillard* and *Myron T. Townsend* of counsel], for the plaintiff.

*Thomas & Friedman* [*Jerome I. Hyman* of counsel], for the original defendants.

*Woodruff & Grill* [*A. M. Grill* of counsel], for the impleaded defendants.

McGoldrick, J. This case arose in the hectic days of the fall of 1929. It was a time when fluctuations in the stock market were violent and sudden. It was a period when the judgment of man was torn from its moorings by the impact of popular frenzy.

Plaintiff had been for several years rather an active trader in Wall Street. She was experienced in its ways and methods of operation, and was conversant with its language, including idioms. Plaintiff had three accounts with the stock brokerage firm of Morrison & Townsend. One in the name of " Bertha K. Hammerschlag;" another in the name of " Bertha K. Hammerschlag Special;" and the third in the name of " M. Katenkamp " (her maiden name). In 1927 she was married to Arthur M. Hammerschlag. They were divorced in 1932. He was not called as a witness at this trial, and his absence has not been explained.

This action is brought against Morrison & Townsend for an accounting, and for the sum or balance found to be due. Pursuant to stipulation signed by the attorneys for plaintiff and for Morrison & Townsend, dated January 30, 1934, an accounting was rendered to plaintiff on these three accounts, which showed, on a consolidated statement, a balance of $13.28 due from the firm. Plaintiff objects to the following two items charged to her and claimed by Morrison & Townsend as credits in the account maintained under the name of " Bertha K. Hammerschlag," upon the ground that their purchase for her account was never authorized nor ratified:

" 1929

October 21,   1,000 Beth Steel Rts. 1.................,.... $1050
              5,000  "    "    "   1–3/8.............   7125."

By order of this court the stock brokerage house of Hutton & Co. was impleaded as defendants on a cross-claim by Morrison & Townsend. Plaintiff had no account with Hutton & Co. Arthur K. Hammerschlag, her husband, had no account with Morrison & Townsend nor with Hutton & Co. Both of these firms were members of the New York Stock Exchange. As between plaintiff and Morrison & Townsend " the only issues remaining for trial are as to the authorization or ratification by plaintiff of the purchase of said two items, which defendants assert and plaintiff denies." These two items were what is called " give-up transactions."

Arthur K. Hammerschlag, on Friday, October 18, 1929, ordered the purchase of the 6,000 Bethlehem Steel rights at the branch office of Hutton & Co. for the account of this plaintiff, " giving-up " the name of Morrison & Townsend; whereupon, by telephone to Morrison & Townsend, Hutton & Co. was informed that the account of plaintiff there was financially strong enough to absorb such purchase. The order was thereupon executed by Hutton & Co., and on the presentation of the rights to Morrison & Townsend they were paid for and charged to the account of plaintiff.

It is the claim of plaintiff that she did not know about such purchase until Monday afternoon, October 21, 1929, when Arthur K. Hammerschlag, her husband, handed her confirmation slips received from Morrison & Townsend, and told her that he had speculated to this extent on her account; that, without delay, she called up the office of Hutton & Co., and repudiated these transactions as unauthorized, and also notified Morrison & Townsend to the same effect; that Morrison & Townsend told her that an examination of the records of their office would be made, and that they would attempt to find out from Hutton & Co. the circumstances, so far as that office was concerned in the transaction, and would telephone her later on the subject. That evening Morrison & Townsend telephoned the plaintiff that they had talked with the

office of Hutton & Co., and were informed that it had acted in good faith and with proper authority; and suggested that she address a letter on the subject to the New York Stock Exchange, inasmuch as both houses, being members thereof, would undoubtedly abide by its opinion.

The next day, and on October 22, 1929, plaintiff addressed a letter to Morrison & Townsend, in which she advised such firm that she had not purchased these Bethlehem Steel rights, and that these items must not be debited to her account. It should be noted, in passing, that on October 21, 1929, when the plaintiff claims she first learned of this transaction, these rights were worthless; they expired at three o'clock in the afternoon. There is no evidence here of any probative force that her husband, Arthur I. Hammerschlag, acted in this wise before in any business relations with either of these houses. To the contrary, it satisfactorily appears that in her "give-up transactions" with these two firms, and in transactions with Morrison & Townsend, where she had three accounts, the plaintiff acted personally and for herself.

It is found, therefore, that the purchase of these two items, constituting 6,000 Bethlehem Steel rights, was made without her authority or by any one authorized to act in her behalf.

Now, as to ratification:

Plaintiff received from Morrison & Townsend November and December statements of her account in which both of these items were charged to her. Such statements were not returned or any protest made as to their inclusion. On October 23, 1929, plaintiff sent a copy of her letter of October 22, 1929, addressed to Morrison & Townsend, to the New York Stock Exchange, where it was referred to its committee on business conduct. Plaintiff delivered to Morrison & Townsend on November 13, 1929, the following letter:

> " 101 West 55th Street,
> New York.
> Nov. 13, 1929.
>
> " MORRISON & TOWNSEND,
> 37 Wall Street,
> New York.
> " To the attention of
> Mr. C. J. BLAKER.
>
> " GENTLEMEN: I authorize you to handle my three accounts with you in my maiden name and in my married name as you see fit, using your best judgment.
>
> " Respectfully yours,
> " (Sgd.) BERTHA KATENKAMP.
> BERTHA K. HAMMERSCHLAG."

In a communication from the committee on business conduct, dated December 30, 1929, addressed to Prentice & Townsend, her attorneys, and upon their request, there was inclosed a copy of the letter of October 22, 1929, sent by plaintiff to Morrison & Townsend.

This action was commenced in March, 1930. It seems to me that the plaintiff was lulled into a sense of security that her claim on these two items was preserved intact and in process of adjustment, particularly by reason of her adoption of the suggestion of Morrison & Townsend, that she write to the New York Stock Exchange on the subject. The evidence before me from the apparent attending circumstances, does not warrant any finding of approval, either expressed or implied, of the debit charge so made by these defendants in the account of plaintiff.

As to the cross-claim of Morrison & Townsend against Hutton & Co.: No rule or regulation of the New York Stock Exchange, and no custom, usage or practice, establishes the fact that in a " give-up transaction " it was the duty of the recipient broker (Morrison & Townsend), when so notified by the transmitting broker (Hutton & Co.) of the nature and character of the orders given for the purchase of these rights, to do other than state whether the account of the customer was sound enough financially to handle the transaction. It was the province of Hutton & Co., with full opportunity so to do, to first be assured that the husband of this plaintiff had the authority to act in her behalf in the purchase of these rights and have them charged to her account, which was not within their charge or under their control. Both houses divided the commissions on these " give-up transactions," and both must share their respective responsibilities: Hutton & Co. for the transmission of valid orders; and Morrison & Townsend for the ability of the account to finance the transactions. The omission of Hutton & Co. so to perform its duty was not ratified by Morrison & Townsend.

In conclusion, the court will add that during the trial it has been watchful of the witnesses on the stand, their demeanor and manner of testifying, so that the conclusions here reached are not based only on a cold and lifeless record. There has been no effort to state all of the essential facts in this summary; all of the issues here involved are decided, not alone upon the evidence referred to in this statement, but on all of the testimony in the case, verbal and written; but, as heretofore indicated, for the benefit of counsel, the court has included herein only the most salient features, which have been expressed in general words, and are undoubtedly sufficient as a basis for the legal conclusions.

Judgment is directed in favor of the plaintiff and against the defendants Morrison & Townsend for $13.28, which sum is concededly due under the accounting rendered pursuant to the stipulation; and in addition thereto the sum of $8,175 on the two items in dispute, making a total of $8,188.28, with interest thereon from October 21, 1929.

Judgment is directed on the cross-claim in favor of Morrison & Townsend against Hutton & Co. in the sum of $8,175, with interest thereon from October 21, 1929.

The motions to dismiss, and upon which decision was reserved until the close of the trial, in view of the order of procedure, and which are deemed to be renewed at the close of the case, are respectively denied. Settle findings on two days' notice.